Alexei Kuchinsky   (State Bar No. 279405)
William P. Klein   (State Bar No. 148867)
KLEIN LAW GROUP LLP
50 California Street, Suite 1500
San Francisco, CA 9411
Tel.:      (415) 693-9107
Fax.:      (415) 693-9222
Email:    alexei@sfbizlaw.com

PHILLIPS DAYES LAW FIRM

A Professional Corporation

3101 North Central Avenue, Suite 1100
Phoenix, Arizona 85012
Tel.: 1-800-917-4000
Fax.:602-288-1664
Email:   docket@phillipsdayeslaw.com
Trey Dayes, Arizona Bar #020805 (pro hac vice application pending)

Attorneys for Plaintiffs individually and
all other similarly situated employees.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARIS RAHIMI, individually, and MIRWAIS HAKIM, individually, and on behalf of themselves and all other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MID ATLANTIC PROFESSIONALS, INC,<br><br>Defendant. | CASE NO.: **'18CV0278 CAB KSC**<br><br>COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT |

Plaintiffs Waris Rahimi and Mirwais Hakim individually and on behalf of all other similarly situated employees and a class of individuals allege as follows:

**I.   INTRODUCTION**

1. Plaintiffs Waris Rahimi and Mirwais Hakim ("Plaintiffs") individually and on behalf of all

**1**

COLLECTIVE FLSA ACTION FOR DAMAGES

other similarly situated employees bring this collective action against their former employer Mid Atlantic Professionals, Inc. and Does 1-25 ("Defendants") to recover unpaid overtime compensation, all applicable liquidated damages, interest, reasonable attorneys' fees and costs.

2. This collective action asserts claims against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

3. For at least three years prior to the filing of this action, Defendants have engaged in a system of willful violations of the Fair Labor Standards Act by creating and maintaining policies, practices and customs that willfully denied Plaintiffs and other similarly situated employees compensation for all hours worked and willfully denied Plaintiffs and other similarly situated employees overtime wages.

4. Regardless of the number of hours worked, Defendants paid Plaintiffs and other similarly situated employees on a day-rate basis. Defendants did not pay Plaintiffs and other similarly situated employees overtime when they worked more than 40 hours a workweek.

5. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

**II.   JURISDICTION AND VENUE**

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §§ 1331 AND 1337 for the claims being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business and can be found in the Southern District of California, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

COLLECTIVE FLSA ACTION FOR DAMAGES

Plaintiffs also reside in the Southern District of California. Most of the important witnesses and potential Collective Class members are also located in this district.

## III. PARTIES

### A. PLAINTIFFS

9. At all relevant times, Plaintiffs Waris Rahimi and Mirwais Hakim were individuals over the age of eighteen (18) and residents of San Diego County, California.

### B. DEFENDANT

10. Defendant Mid Atlantic Professionals, Inc. is a foreign corporation organized and existing under the laws of Maryland. Upon information and belief, Defendant Mid Atlantic Professionals, Inc.'s principal executive office is located at 10301 Buckmeadow Lane Damascus, Maryland. Defendant Mid Atlantic Professionals, Inc. does business as "SSI."

11. At all times relevant, Defendant Mid Atlantic Professionals, Inc. has been the corporate entity listed on Plaintiffs' paychecks and W-2 forms.

12. At all times relevant, Defendant Mid Atlantic Professionals, Inc. is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiffs and similarly situated employees.

13. At all times relevant, Defendant Mid Atlantic Professionals, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

14. Defendant Mid Atlantic Professionals, Inc. applies the same employment policies, practices, and procedures to all role players, including policies, practices, and procedures with respect to the payment of overtime compensation.

15. Upon information and belief, at all times relevant, Defendant Mid Atlantic Professionals, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

16. The true names and capacities of other defendants are currently unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that there may be other defendants who are in some manner responsible for the events and happenings alleged in this complaint and for Plaintiffs' injuries and damages. Plaintiffs will either seek leave to amend this Complaint to allege

the true names and capacities of such defendants, when they are ascertained.

## IV. GENERAL ALLEGATIONS

17. Plaintiffs are informed and believe and thereon allege that Defendant is in the business of servicing US Federal contracts, including live and simulation training for the U. S. Army. Defendants have work locations nationwide, including California, Washington, Texas, North Carolina, and other states.

18. From 2015 to the present, Defendants provided role players to the United States (U.S.) Army for pre-deployment training exercises at various U.S. military bases, including but not limited to, Camp Pendleton, California, Fort Bliss, Texas, and Yakima, Washington. The purpose of these training exercises was to create a realistic training environment for the U.S. Army prior to deployment in Iraq and Afghanistan. All role players were hired on a rotation basis.

19. From at least 2015 through the present, ("Employment Period"), Defendants employed Waris Rahimi and Mirwais Hakim as role players. Plaintiffs were employed as nonexempt employees on an as-needed basis for multiple missions at Camp Pendleton, California, Fort Bliss, Texas, and Yakima, Washington.

20. Mirwais Hakim and Waris Rahimi were paid a flat fee plus per diem. This flat fee was typically $300 per day.

21. A few weeks prior to each mission, Defendants would contact Plaintiffs and other similarly situated employees via email and informed them of the assignments for the upcoming mission and required them to confirm their availability. Each mission would last 9-13 days.

22. Plaintiffs and other similarly situated employees were required to report to a specific location designated by Defendant at a specific time (i.e. reporting time).

23. Once reported to the designated location, Plaintiffs and other similarly situated employees were transported to the mission site. Travel time ranged from 11-20 hours one way depending on the destination. For example, a trip from San Diego to Fort Bliss, Texas ranged from 10 to 11 hours on hour.

24. Defendants did not count Plaintiffs and other similarly situated employees' travel time as work hours and as a result Plaintiffs and other similarly situated employees were not compensated

for their travel time.

25. While employed with Defendant, Plaintiffs and others similarly situated, were paid a flat rate for work performed regardless of the number of actual hours worked. However, Plaintiffs and others similarly situated routinely work(ed) in excess of forty hours per workweek without being paid any overtime premium at one and one-half their regular rate of pay as required under the FLSA for hours worked over forty per workweek.

26. Defendant failed to keep accurate time records of Plaintiff and other similarly situated employees' work hours. Specifically, Defendant disregarded Plaintiffs' and other similarly situated employees' actual work hours and required Plaintiffs and other similarly situated employees to record in their time sheets hours that were substantially lower than the number of hours actually worked. For example, Defendant often required Plaintiff and other similarly situated employees to record only 8 hours per shift despite Plaintiff and other similarly situated employees worked at least 14 hours. This practice was done to avoid paying overtime compensation to Plaintiff and other similarly situated employees.

27. For example, during the workweek from September 4, 2016 through September 10, 2016, Plaintiffs worked at least 54 hours and were not paid overtime compensation for hours in excess of 40 hours per week. Similarly, Plaintiffs were denied overtime compensation for hours worked in excess of 40 hours per week during the workweek from April 10, 2016 through April 16, 2016 despite Plaintiff worked that week at least 98 hours. During the workweek from November 8, 2015 through November 14, 2015, Plaintiffs worked at least 62 hours and Defendant failed to pay overtime compensation for hours in excess of 40 hours per workweek.

28. The weeks where this overtime pay was denied can be identified in Defendant's records. This centralized policy or practice was established, controlled, and implemented by Defendant.

29. Regardless of location, Plaintiffs and others similarly situated, have the same or similar primary job duties which are controlled by Defendant's centralized corporate policies and procedures

**V.   FEDERAL COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiffs bring this action on behalf of themselves and other employees similarly situated

as authorized under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:** All persons who are or have been employed by Defendant as Role Players (or any titles performing similar duties) at any time commencing three years prior to the filing of this Complaint, to the final disposition of this case.

31. At all relevant times, Plaintiffs and all similarly situated employees were "employees" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

32. The provisions set forth in 29 U.S.C. § 206 and § 207 of the FLSA apply to Defendants.

33. At all relevant times, Defendants were, and continue to be an "employer" as defined in 29 U.S.C. § 203(d).

34. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Proposed Collective Class to work more than forty hours per week without appropriate overtime compensation.

35. Upon information and belief, Defendants knew that Plaintiffs and the Proposed Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked, including travel time and off-the-clock hours.

36. Upon information and belief, Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Collective Class in violation of FLSA, 29 U.S.C. § 201 *et seq*.

37. Defendant is aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective members overtime premiums for hours worked in excess of 40 per workweek.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

39. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs, and the Proposed Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Proposed Collective Class, and as such, notice should be sent to the Proposed Collective Class.

1  There are numerous similarly-situated current and former employees of Defendants who have
2  been denied overtime pay and the minimum wage in violation of the FLSA who would benefit
3  from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in
4  the present lawsuit. Those similarly-situated employees are known to Defendants and are readily
5  identifiable through Defendants' records.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime In Violation Of Federal Law**

**(FLSA Collective Action)**

**(Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 216 ("FLSA"))**

41. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs of this Complaint.

42. Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs will file written consent forms. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

43. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class.

44. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

45. The FLSA requires each covered employers such as Defendants to compensate all non-exempt employees at no less than the minimum wage and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

46. During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek, and were paid less than the minimum wage. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty hours per workweek.

COLLECTIVE FLSA ACTION FOR DAMAGES

47. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

51. Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the proposed Class demand judgment against Defendants as follows:

a. Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt- In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b) and Designation of Plaintiffs as Representative of the FLSA Collective Class;

a. All compensatory and general damages against all defendants in an amount according to proof including overtime;

b. All applicable liquidated damages under the FLSA;

c. For a declaratory judgment that Defendants have violated the Fair Labor Standards Act, as

alleged herein;

a. That Defendants violations as described above are found to be willful to the extent necessary under the FLSA for a three-year statute of limitations and other consequences;

b. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

c. For reasonable attorneys' fees and costs of suit, pursuant to the FLSA, 29 U.S.C. § 216(b).

d. Other relief as this Court deems just and proper.

Respectfully submitted,

Dated:   February 5, 2018

BY_____
Alexei Kuchinsky

Alexei Kuchinsky      (State Bar No. 279405)
William P. Klein       (State Bar No. 148867)
KLEIN LAW GROUP LLP
Four Embarcadero Center, Suite 3950
San Francisco, CA 9411
Tel.:   (415) 693-9107
Fax.:   (415) 693-9222
Email:   alexei@sfbizlaw.com

Trey Dayes, Arizona Bar #  (pro hac vice application pending)

PHILLIPS DAYES LAW FIRM

A Professional Corporation

3101 North Central Avenue, Suite 1100
Phoenix, Arizona 85012
Tel.: 1-800-917-4000
Fax.:602-288-1664
Email:   docket@phillipsdayeslaw.com

*Attorneys for Plaintiffs and proposed Collective Class Members*